UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID KISSI,

                Plaintiff,

    v.

U.S. DEPARTMENT OF JUSTICE,

                Defendant.

Civil Action No. 11-0829 (RBW)

**MEMORANDUM OPINION**

This matter is before the Court on the plaintiff's *pro se* complaint and his motion for a temporary restraining order. The complaint will be dismissed, and the motion will be denied.

I.  BACKGROUND

The plaintiff alleges that the United States Attorney for the District of Maryland, together with six Assistant United States Attorneys and the Clerk of the United States District Court for the District of Maryland, "have conspired to impound and take his Trust Asset without compensation."[1] Complaint ("Compl.") at 1. As a result, the plaintiff represents that he is

---

[1] The plaintiff filed this action in the District of Columbia "even though a substantial part of this matter occurred in Maryland," because he contends "the entire 4th Circuit has been very hostile to [him] . . . , his business and Trust entities." Compl. at 1. To be sure, this plaintiff is subject to an injunction restricting his ability to file additional cases in the United States District Court for the District of Maryland, *see Kissi v. Clement*, No. 08-2178, 2008 WL 7555487, at *1 n.1 (D. Md. Sept. 5, 2009) ("On October 10, 2003, Judge Peter J. Messitte granted a pre-filing injunction against Kissi . . . based on [his] the vexatious and frivolous pattern of litigation. The injunction was made permanent on October 25, 2004."), and in the United States Court of Appeals for the Fourth Circuit, *see Kissi v. Pramco II, LLC,* 401 Fed. App'x 786, 487 (4th Cir. 2010) (per curiam) (ordering this plaintiff to pay appellee's counsel $500 and enjoining him
(continued...)

"unable to obtain competent counsel or pay his medical bills," *id.*, and he demands a court order to "enjoin the U.S. from impounding the said Ammendale Trust and stay a U.S. Deposition on 5/5/2011 or at any other time until the U.S. releases the Trust funds" for the plaintiff's use. *Id.* at 2. It appears that the government intended to depose the plaintiff in order "to find sources of . . . income to pay [a] lien for Plaintiff's court fines and restitutions," Motion for a Temporary Restraining Order in Support of Order to Show Cause As To Why the U.S. Should Not Be Held in Contempt for Taking or Impounding Without Cause the Plaintiff's Ammendale Trust Escrow Account Without Compensation in Violation of 18 [U.S.C. §§ 1951, 1957] ("Pl.'s Mot.") at 2, and he sought an order to enjoin the taking of his deposition, which would "cost additional legal fees and impose a financial burden and emotional distress" on the plaintiff. *Id.* at 2.

## II. DISCUSSION[2]

### A. *There Is No Private Right of Action Under 18 U.S.C. §§ 1951 and 1957*

The plaintiff purports to bring this action under two federal criminal statutes, *see* Compl. at 1 (caption), which make it unlawful for a person to "obstruct[], delay[], or affect[] commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts

---

[1](...continued)
"from filing any further actions in this court until this sanction is paid and a district court judge certifies that his claim is not frivolous"). This court previously has questioned whether this plaintiff filed an action in this district in order to avoid the consequences of orders issued by the District of Maryland, *see Kissi v. Mead*, 623 F. Supp. 2d 65, 68 (D.D.C. 2009), *appeal docketed*, No. 09-7067 (D.C. Cir. filed June 30, 2009), and advises the plaintiff that he may not "us[e] this court as a 'safe haven,'" *Mikkilineni v. Penn Nat'l Mut. Ins. Co.*, 271 F. Supp. 2d 142, 150 (D.D.C. 2003).

[2] Insofar as the plaintiff brings this action against the United States Department of Justice under federal law and alleges wrongdoing on the part of federal officials, *see* Compl. at 1, he adequately states grounds for the Court's subject matter jurisdiction.

or conspires to do so," 18 U.S.C. § 1951(a) (2006), or knowingly to engage "in a monetary transaction in criminally derived property" exceeding $10,000 in value. 18 U.S.C. § 1957(a) (2006). Neither statute gives rise to a private right of action. *See Alexandre v. Phibbs*, 116 F.3d 482 (9th Cir. 1997) (unpublished table decision) ("The federal extortion statute does not provide a private right of action."); *Lucas-Cooper v. Palmetto GBA*, No. 1:05-cv-00959, 2006 WL 2583407 at *10 (N.D. Ohio Sept. 7, 2006) (concluding that 18 U.S.C. § 1957 is a criminal statute "which grant[s] no explicit private right of action"). The Court concludes, therefore, that the plaintiff's claims under 18 U.S.C. §§ 1951 and 1957 must be dismissed. *See Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) (affirming dismissal of claim brought under the extortion statute because "neither the statutory language of 18 U.S.C. § 1951 nor its legislative history reflect an intent by Congress to create a private right of action"); *Barrino v. Gibbs*, No. 09-2396, 2010 WL 427297, at *1 (D.D.C. Feb. 28, 2010) (dismissing extortion claim under 18 U.S.C. § 1951 because the statute "do[es] not give rise to a private right of action"); *Kissi v. Panzer*, 664 F. Supp. 2d 120, 127 (D.D.C. 2009) (dismissing claims brought by this plaintiff under 18 U.S.C. §§ 1952 and 1957); *Schwartz v. F.S. & O. Assocs., Inc.*, No. 90-1606, 1991 WL 208056, at *2-3 (S.D.N.Y. Sept. 27, 1991) (finding that violations of 18 U.S.C. §§ 1952, 1956 and 1957 do not create private rights of action).

*B. The Plaintiff's Motion for a Temporary Restraining Order Will Be Denied*

Injunctive relief is an extraordinary remedy, and the plaintiff bears a substantial burden to obtain such relief. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam). A temporary restraining order may be granted without notice to the defendants only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury,

loss, or damage will result to the [plaintiff] before the [defendants] can be heard in opposition," and if the plaintiff "certifies in writing any efforts made to give notice and reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Although the plaintiff made an effort to notify the defendants of this action, *see* Affidavit in Support of Certificate of Complementary Service Pursuant to Local DC Rule 65.1, he fails to demonstrate: "(1) a substantial likelihood of success on the merits, (2) that [he] would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." *Baumann v. District of Columbia*, 655 F. Supp. 2d 1, 6 (D.D.C. 2009) (citations omitted). The plaintiff's motion for a temporary restraining order will therefore be denied.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that the plaintiff's complaint fails to state claims under 18 U.S.C. §§ 1951 and 1957 upon which relief can be granted. Accordingly, the complaint will be dismissed. Moreover, the plaintiff's motion for a temporary restraining order will be denied. An Order accompanies this Memorandum Opinion.

SIGNED on this 23rd day of June, 2011.

___/s/___
REGGIE B. WALTON
United States District Judge
